UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

Century 21 Real Estate LLC,

                          Plaintiff,        CV-07-1455 (CPS)

    - against -                MEMORANDUM OPINION
                                             AND ORDER
Raritan Bay Realty, Ltd., Frank
Rivela, and Diane Rivela,

                          Defendants.

-----------------------------------------X

SIFTON, Senior Judge.

     Plaintiff Century 21 Real Estate LLC ("Century 21") commenced this action against defendants Raritan Bay Realty ("Raritan"), Frank Rivela, and Diane Rivela[1] alleging that defendants infringed upon plaintiff's trademarks, in violation of the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1125(a) and 1125(c), and breached a contract with plaintiff. Now before this Court is plaintiff's motion for a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65(a), restraining defendants, their affiliates, subsidiaries, officers, agents, servants, employees and attorneys from using plaintiff's registered trademarks, service marks, and logos in association with defendant's real estate business. For the reasons set forth below, plaintiff's motion is granted.

---

[1] The individual defendants are officers of Raritan Realty who executed a guarantee of payment and performance as to the franchise agreement.

**Background**

The following sets forth the findings of fact and conclusions of law, as required by Federal Rule of Civil Procedure 65(a). The facts are taken from plaintiff's Complaint, plaintiff's submissions in connection with the present motion and oral argument held on May 9, 2007. Defendants have submitted no papers in connection with this action and did not appear for oral argument.

*Factual Background*

Century 21 is one of the United States' largest real estate brokerage systems with franchisees across the country. Through its franchise system, Century 21 markets, promotes, and provides services to its real estate brokerage franchisees. Century 21 has various trademarks, service marks and logos (the "Century 21 Marks") registered with the US Trademark Office which franchisees are allowed to use to identify the origin of their real estate brokerage system; according to plaintiffs, these marks are widely known and are the source of considerable "goodwill" value.

In October 1996, Raritan signed a ten year franchise agreement with Century 21, permitting Raritan to operate a real estate brokerage as part of the Century 21 franchise system. So long as the franchise agreement was in operation, Raritan was allowed to use the Century 21 Marks. However, under the terms of

the agreement, in the event that the franchise relationship was terminated, Raritan was required to immediately cease using the Century 21 Marks and refrain from doing anything indicating that it is or ever was a Century 21 franchisee. Further, the agreement specifies that if Raritan continued to use the Century 21 Marks after the termination of the agreement, Century 21 would have no adequate remedy at law and would be entitled to obtain an injunction and/or a temporary restraining order to prevent the continuation of any default.

On or before May 2006, Raritan allegedly failed to meet its obligations under the franchise agreement by failing to report transactions and by being delinquent in payment of fees. When Raritan failed to cure the defaults, Century 21 terminated the franchise relationship on July 28, 2006 and reminded Raritan of its obligations under the agreement. However, Raritan allegedly continued to use Century 21 Marks. Century 21 once again informed Raritan of its obligation to cease using the Century 21 Marks on January 26, 2007 but Raritan still failed to terminate usage of the Century 21 Marks. According to Century 21, Raritan continues to hold itself out as a Century 21 franchisee through internet advertisements promoting real estate services under the Century 21 name and through postings in Raritan's office building; specifically, plaintiff has submitted evidence that the face of Raritan's building has the words "Century 21" over the

name[2] and a small sign in the window refers to Century 21. According to Century 21, this misuse leaves the impression that Raritan has the authority to operate as a Century 21 franchisee and that it is affiliated with Century 21.

*Procedural History*

Plaintiff filed the Complaint in this action on March 13, 2007 in the Southern District of New York. The case was then transferred to this Court by consent of plaintiff on March 22, 2007.

Plaintiff moved for a Temporary Restraining Order and Preliminary Injunction before this Court on April 27, 2007. I denied the motion for a Temporary Restraining Order on April 30, 2007, and issued the present Order to Show Cause as to why a Preliminary Injunction should not be issued. Plaintiff has served all defendants with a copy of that Order to Show Cause. Defendants have not filed any papers in connection with this action or made any appearances.

**Discussion**

Pursuant to Federal Rule of Civil Procedure 65(a), a

---

[2] It appears from the photographs that the words "Century 21" had previously appeared on the face of the building as raised lettering and the lettering has been removed, presumably after termination of the agreement, but the words "Century 21" are still visible where the lettering had been. To remove those words, defendants would be required to paint the face of the building.

preliminary injunction is appropriate if the movant shows (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *Gold v. Feinberg*, 101 F.3d 796, 800 (2d Cir. 1996).

*1. Irreparable Harm*

Courts have repeatedly held in situations similar to this one that damages to a business's goodwill as a result of unauthorized trademark usage are not readily quantifiable and, thus, constitute irreparable harm. *See Dunkin' Donuts Incorporated v. Albireh Donuts, Inc.*, 96 F.Supp.2d 146, 149 (N.D.N.Y. 2000). Trademark laws are designed to protect the public from confusion over the source of goods or services. *See Hermes International v. Lederer de Paris Fifth Avenue, Inc.*, 219 F.3d 104, 107-108 (2d Cir. 2000). Where the party seeking a preliminary injunction in a trademark case shows that it will "lose control over the reputation of its trademark pending trial," the requirement of irreparable injury is satisfied. *Power Test Petroleum Distributors v. Calcu Gas*, 754 F.2d 91, 95 (2d Cir. 1985). A trademark "epitomizes the goodwill of a business. This creation and perpetration of goodwill depends on customer recognition. The nature of goodwill is dictated by the

consumer's desire to do business with the same seller. The buyer expects the same experience with each purchase - this is the reason d'etre for the sale." *Id*. at 97. The need to issue a preliminary injunction where a former licensee continues to use a trademark after its license to do so has been revoked is compelling because of the danger that consumers will be confused and believe that the former licensee is still an authorized representative of the trademark holder. *Church of Scientology Intern. v. Elmira Mission*, 794 F.2d 38, 41-42 (2d Cir. 1986).

In the present case, plaintiff has expressed concern about just such a danger, namely that the continuing use by defendants of the Century 21 Marks, after the termination of the agreement, will confuse consumers and erodes the goodwill associated with those trademarks. Accordingly, to the extent that defendants are continuing to use the Century 21 Marks in advertising and are otherwise holding themselves out as Century 21 franchisees, either online or at their place of business, plaintiff is being irreparably harmed by the trademark infringement. *See Dunkin' Donuts Inc. v. Northern Queens Bakery, Inc.*, 216 F.Supp.2d 31 (E.D.N.Y. 2001).

*2. Likelihood of Success on the Merits*

To succeed on a claim for trademark infringement under 15

U.S.C. §§ 1114,[3] plaintiff must establish that defendants used plaintiff's valid trademark in a way that is likely to confuse consumers as to the source of the product. *See U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 871 (2d Cir. 1986).

The Century 21 Marks have been registered on the principal register of the United States Patent and Trademark Office and the "existence of a trademark registration is *prima facie* evidence of a valid trademark." *Frank Brunckhorst Co. v. G. Heileman Brewing Co., Inc.*, 875 F.Supp. 966, 975 (E.D.N.Y. 1994). Plaintiff has used and continues to use these marks as abbreviations of its brand name.

There is a "'great likelihood of confusion when the infringer uses the exact trademark' as the plaintiff." *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 375 (3d Cir. 1992) (quoting *Opticians Ass'n v. Independent Opticians*, 920 F.2d 187, 195 (3d Cir. 1990)). In such cases, "likelihood of confusion is inevitable." *Opticians*, 920 F.2d at 195. Presently, according to plaintiff, Raritan continues to advertise on the internet and

---

[3] In relevant part, the statute reads

> Any person who shall, without the consent of the registrant . . . use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant for the remedies hereinafter provided.

18 U.S.C. 1114(a).

post signs in its building indicating that it remains a Century 21 franchisee, using the same marks as they did when they were properly franchised, despite being in violation of the franchise agreement, which explicitly provides that Raritan cease the use of the Century 21 Marks after termination of the agreement. Such usage will generate confusion among consumers as to the source of defendants' services and their relationship with Century 21. Accordingly, plaintiff has demonstrated that it will likely succeed on the merits.

**Conclusion**

For the reasons stated herein, plaintiff's motion for a preliminary injunction, restraining defendants, their affiliates, subsidiaries, officers, agents, servants, employees and attorneys from using plaintiff's registered trademarks, service marks, and logos in association with defendant's real estate business is granted. The Clerk is directed to transmit a copy of the within to the parties.

SO ORDERED.

Dated :    Brooklyn, New York
           May 9, 2007


                By: /s/ Charles P. Sifton (electronically signed)
                              United States District Judge